UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MAURICE WHITCHSETT, | ) |
| Petitioner, | ) Case No. 1:06-cv-62 |
| v. | ) Honorable Robert Holmes Bell |
| MARY K. BERGHUIS, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of 13-to-30 years' incarceration after entering a plea of *nolo contendere* to a reduced charge of second-degree murder in the Wayne County Circuit Court. MICH. COMP. LAWS § 750.317. Sentence was imposed by judgment entered April 11, 2005, based upon a plea agreement in which the sentence was stipulated. Represented by appointed counsel, petitioner sought to challenge his sentence as unconstitutional, but both the Michigan Court of Appeals and Supreme Court denied leave to appeal.

Petitioner initiated this habeas corpus action on January 25, 2006. His *pro se* petition raises a single ground for habeas relief:

> Does the sentencing procedure in the State of Michigan violate defendant's federal constitutional right (Sixth Amendment) to a trial by jury?

Respondent has filed an answer to the petition, supported by the state-court record. Rather than responding to the answer, petitioner has filed a motion to stay this proceeding, so that he can present

three unexhausted issues to the state courts: a due-process violation, ineffective assistance of trial counsel, and sentencing in violation of the "proportionality test." For the reasons set forth below, I conclude that the sole claim raised in the habeas corpus petition is frivolous and that the court should not exercise its discretion to stay these proceedings. I therefore recommend that the petition be denied on its merits.

**Proposed Findings of Fact**

The state-court prosecution arose from the murder of Barbara Reed on August 8, 2004. Officers of the Detroit Police Department received a call at approximately 1:00 a.m. When they responded, they found the body of Barbara Reed with what appeared to be a blunt-force trauma to her head. Investigation revealed that petitioner and Ms. Reed were involved in an argument and that petitioner had assaulted her with a wooden desk drawer, hitting her a number of times in the head. Petitioner was charged with first-degree murder, the penalty for which is mandatory life imprisonment without possibility of parole. MICH. COMP. LAWS § 750.316.

After being found competent to stand trial, petitioner appeared with counsel to enter a plea of *nolo contendere* to a reduced charge of second-degree murder, pursuant to a plea agreement. (*See* Plea Transcript (PT), docket # 13). At the outset of the plea hearing, defense counsel placed on the record the terms of a binding plea agreement, pursuant to which the parties agreed that the sentence would be 13-to-30 years. (PT, 2-3). Both counsel agreed with the terms of the plea agreement as set forth on the record. (*Id.*, 4). After placing petitioner under oath, the court asked petitioner more than once whether he understood the plea agreement, and petitioner answered in the affirmative. (*Id.*, 5). The court then proceeded with the usual plea colloquy to confirm that

petitioner was acting in a knowing and voluntary fashion. The factual basis for the plea was provided by the police report, which included a confession to the apartment manager by petitioner that he had killed Ms. Reed. (*Id.*, 6-11).

The court imposed sentence on April 11, 2005. (*See* Sentencing Transcript (ST), docket # 14). The court and counsel spent some time correcting the guideline computation, by agreement. (ST, 3-6). After hearing allocution from all parties, the court stated as follows:

> There is a sentence agreement with the People in this matter. I will follow that sentence agreement.

(*Id.*, 10). The court therefore imposed a sentence of 13-to-30 years, pursuant to the plea agreement, while noting that the sentence also fell within the range of the nonbinding state sentencing guidelines. (*Id.*, 10-11).

Petitioner, represented by appointed counsel, sought leave to appeal to the Michigan Court of Appeals.[1] The application for leave to appeal (found in the state Court of Appeals record, docket # 15) challenged only petitioner's sentence, asserting that the Michigan sentencing procedure violates a defendant's Sixth Amendment right to trial by jury because of its reliance on judicial fact-finding. (Application For Leave to Appeal at 2, citing *Blakely v. Washington*, 542 U.S. 296 (2004)). By order entered August 23, 2005, the state Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." Petitioner filed a *pro se* application for leave to appeal in the Michigan Supreme Court. (*See* Supreme Court record, docket # 16). By order entered December 27, 2005, the state Supreme Court denied discretionary review.

---

[1] Because petitioner's conviction was based on a *nolo contendere* plea, he did not have an appeal of right, and the only avenue for appellate review was an application for leave to appeal. *See* MICH. CONST. art. I, § 20; MICH. COMP. LAWS § 600.308(2)(d).

Petitioner initiated this habeas corpus action by the filing of a *pro se* petition on January 25, 2006. The petition challenges only petitioner's sentence, again asserting that the sentencing procedure violated petitioner's Sixth Amendment right to a trial by jury. After respondent filed an answer to the petition, petitioner moved to stay these proceedings, to allow him to return to the state courts to exhaust three further claims. (Motion, docket # 19, at 3).

**Applicable Standard**

Because petitioner filed his habeas application long after the April 1996 enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), the provisions of that law govern the scope of the Court's review. *See Penry v. Johnson*, 532 U.S. 782, 791 (2001). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands that state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted). If a state court adjudicated the claim, AEDPA standards must be applied. 28 U.S.C. § 2254(d). *De novo* review applies, however, where the state court did not address the merits of a claim. In that limited set of circumstances, "there are simply no results, let alone reasoning, to which [the habeas] court can defer." *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003), *cert. denied*, 540 U.S. 1158 (2004); *see Williams v. Haviland*, 467 F.3d 527, 530 (6th Cir. 2006). In the present case, *de novo* review applies, as the state appellate courts declined to grant leave to appeal.

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This court may consider only the "clearly established" holdings, and

not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. This court may not consider decisions of lower federal courts in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *See Williams*, 529 U.S. at 381 ("If this Court has not broken sufficient legal ground to establish an asked for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar."); *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006); *Bailey*, 271 F.3d at 655. The AEDPA standard includes an important temporal limitation. "'[C]learly established Federal law as determined by the Supreme Court of the United States,' refers to 'the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Dennis v. Mitchell*, 354 F.3d 511, 517 (6th Cir. 2003) (quoting *Williams*, 529 U.S. at 412). Thus, the inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 317-18 (6th Cir. 2001); *see Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) ("As a threshold matter [ ] we first decide what constitutes 'clearly established law,' as determined by the Supreme Court of the United States."); *Spisak v. Mitchell*, 465 F.3d 684, 690 (6th Cir. 2006); *Miller v. Webb*, 385 F.3d 666, 672 (6th Cir. 2004) (describing the issue of whether the law was clearly established by Supreme Court precedent as a "threshold inquiry").

**Discussion**

**1.**

The only claim raised in the habeas corpus petition is a Sixth Amendment challenge to the sentencing procedures employed by the Michigan courts. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Apprendi* enunciated a new rule of Sixth Amendment jurisprudence. In the subsequent case of *Blakely v. Washington*, 542 U.S. 296 (2004), the Court applied the rule of *Apprendi* to a state sentencing guideline scheme, under which the maximum penalty could be increased by judicial fact-finding. The *Blakely* Court held that the state guideline scheme violated Sixth Amendment rights, and reiterated the rule that any fact that increased the maximum sentence must be "admitted by the defendant or proved to a jury beyond a reasonable doubt." *See United States v. Booker*, 543 U.S. 220, 232, 244 (2005). Petitioner invokes this line of authority in challenging his sentence of 13-to-30 years as violative of Sixth Amendment rights.

Petitioner's challenge to his sentence is frivolous, on two separate grounds. First, petitioner's sentence was not based on any judicial fact-finding whatsoever. As shown in the Proposed Statement of Facts, part of the plea agreement underlying the *nolo contendere* plea was a stipulated sentence, which the court accepted and imposed. The sentencing court made no findings of fact of any kind that influenced the sentence. The court merely accepted the agreement of the parties. In such circumstances, no possible Sixth Amendment issue arises. *See United States v.*

*Stafford*, 258 F.3d 465, 476 (6th Cir. 2001) (drug sentence based on stipulated quantities raises no *Apprendi* issue).

Second and independent is the fact that the *Apprendi* line of cases does not apply to Michigan's intermediate sentencing scheme. In Michigan, the maximum sentence is established by statute and cannot be varied by the sentencing judge; the judge's only discretion is in setting the minimum sentence. Both this court and the Eastern District of Michigan have examined Michigan's indeterminate sentencing scheme and have found no possible Sixth Amendment violation. *See, e.g., McNall v. McKee*, No. 1:06-cv-760, 2006 WL 3456677, at * 2 (W.D. Mich. Nov. 30, 2006); *Mays v. Trombley*, No. 2:06-cv-140043, 2006 WL 3104656, at * 3 (E.D. Mich. Oct. 31, 2006). These decisions are in accord with the well-reasoned opinion of the Michigan Supreme Court in *People v. Drohan*, 715 N.W.2d 778 (Mich. 2006). Consequently, even had the sentence not been a matter of stipulation, petitioner's Sixth Amendment claim would lack merit.

I therefore recommend that petitioner's Sixth Amendment challenge to his sentence be denied on its merits.

**2.**

Petitioner has recently filed a motion to stay these proceedings, to allow him to exhaust three further issues in the state courts. Petitioner's motion asserts that he is in the process of filing a post-conviction proceeding in the state courts under Mich. Ct. R. 6.500 "claiming that his Trial Lawyer was ineffective, and that his sentence is in violation of the proportionality test used by both the Federal and State Law, and that he was denied Due Process of Law." (Motion, docket # 19, at 3). I recommend that the motion to stay be denied.

The United States Supreme Court has recognized that a district court has discretion to stay a habeas corpus proceeding "in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The *Rhines* Court indicated that the district court's discretion may be invoked where a petitioner has presented a mixed petition, that is, a petition asserting both exhausted and unexhausted claims. In the present case, petitioner has not presented a mixed petition, but proposes to amend his petition to assert unexhausted claims. The *Rhines* decision would apply to this case if the court were to grant petitioner leave to amend his petition to add unexhausted claims, and thereby allow him to create a mixed petition.

In *Rhines*, the Supreme Court established a two-prong test for the exercise of the court's discretion to stay a habeas case:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

544 U.S. at 277. Petitioner in the present case meets neither standard.

First, petitioner has not addressed, let alone established, good cause for his failure to raise his unexhausted claims before this time. Petitioner was represented by a different appointed attorney for purposes of filing his application for leave to appeal. (*See* Petition, ¶ 17). Hence, there was no impediment to petitioner's ability to raise ineffective assistance of counsel, sentencing error, or a due-process violation on direct appeal. Petitioner has not attempted to advance any ground that would support a finding of good cause for petitioner's failure to exhaust his claims in the state court.

Second, petitioner's bald assertion of ineffective assistance of trial counsel and a due-process claim, without elaboration, fails to state any claim for habeas corpus relief. Petitioner's motion does not identify the source of a due-process violation, nor does it identify the act or omission of counsel that might rise to the level of constitutional ineffectiveness. Petitioner's challenge to his sentence under federal and state proportionality principles is also plainly meritless. The Supreme Court has squarely held that federal courts have no power to intervene on the basis of a perceived error of state law. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984). Specifically, the Court has found that an alleged violation of state proportionality rules governing sentencing raises no claim cognizable in federal habeas corpus. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner's invocation of the federal proportionality rule to challenge his sentence of 13-to-30 years for second-degree murder is frivolous. Under state law, second-degree murder is punishable by imprisonment for any term of years up to life. MICH. COMP. LAWS § 750.317. The agreed sentence in this case was well below the statutory maximum. The Eighth Amendment contains a "gross disproportionality principle that is applicable to sentences for terms of years," but it provides a basis for disturbing criminal sentences "only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). This is not such a case. The Supreme Court has never overturned a sentence of 13-to-30 years on a second-degree murder conviction as being grossly disproportionate to that crime. *See Friday v. Pitcher*, 99 F. App'x 568, 573-74 (6th Cir. 2004) (rejecting Michigan prisoner's habeas claim that his sentence of 25-to-65 years was grossly disproportionate to his second-degree murder conviction, observing that in *Rummel v. Estelle*, 445 U.S. 263 (1980), the Supreme Court had upheld a life sentence with the possibility of parole under a Texas recidivist statute on a conviction for obtaining $120.75 by false pretenses, and noting that parole remained a

possibility under Michigan law.). Petitioner's proposed Eighth Amendment claim is "plainly meritless." *Rhines*, 544 U.S. at 277.

In summary, I conclude that petitioner has shown neither good cause nor a meritorious claim sufficient to justify the exercise of the court's discretion to stay this matter to allow presentation of the unexhausted claims to the state courts.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied on its merits and that petitioner's motion for stay (docket # 19) be denied.


Dated:   December 15, 2006              /s/  Joseph G. Scoville
                                        United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).